**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Gordon Dunahoo, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 4280 |
| | ) | |
| Viking Client Services, Inc., d/b/a Viking | ) | |
| Collection Services, a Minnesota | ) | |
| corporation, and Icon Equities, LLC, a | ) | |
| Nevada limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Gordon Dunahoo, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) parts of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3.      Plaintiff, Gordon Dunahoo ("Dunahoo"), is a citizen of the State of New

Mexico, from whom Defendants attempted to collect a delinquent consumer debt owed

to Wells Fargo Financial, which was then allegedly owed to a bad debt buyer, Icon

Equities, LLC, despite the fact that he was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Viking Client Services, Inc., d/b/a Viking Collection Service ("Viking"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Viking operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Viking was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Icon Equities, LLC ("Icon"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Icon operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Icon was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Icon is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Viking.

7.      Defendants Viking and Icon are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records

from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Icon and Viking each conduct extensive and substantial business in Illinois.

8.      Defendants Viking and Icon are both licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendant Icon and Viking act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.      Mr. Dunahoo is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed originally to Wells Fargo Financial. At some point in time after that debt became delinquent, Defendant Icon bought Mr. Dunahoo's Wells Fargo Financial ("Wells Fargo") debt, and when Defendants' began trying to collect the Wells Fargo debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

10.     Specifically, Defendant Icon hired Defendant Viking to demand payment of the Wells Fargo debt from Mr. Dunahoo, which began to do so by calling him from phone number 800-559-3865.  Accordingly, on April 17, 2012, one of Mr. Dunahoo's attorneys at LASPD informed Defendants that Mr. Dunahoo was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Dunahoo was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

11.     Nonetheless, Defendants sent a collection letter, dated April 19, 2012, directly to Mr. Dunahoo, which demanded payment of the Wells Fargo debt.  A copy of this collection letter is attached as Exhibit D.

12.     Accordingly, on May 16, 2012, Mr. Dunahoo's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Mr. Dunahoo's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Mr. Dunahoo was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing (Exhibit <u>C</u>), that Mr. Dunahoo was represented by counsel, and had directed a cessation of communications with Mr. Dunahoo.  By directly sending a collection letter to Mr. Dunahoo (Exhibit <u>D</u>), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gordon Dunahoo, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Dunahoo, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gordon Dunahoo, demands trial by jury.

Gordon Dunahoo,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  June 1, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com